IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CRIM. NO. 1:21-00084-JB-B-1 |
| ) | |
| LARRY DEWAYNE LAVERN ) | |
| AUSTIN, JR., ) | |
| ) | |
| Defendant ) | |

**Order**

This matter is before the Court on the Motion to Sever filed by Defendant Larry Dewayne Lavern Austin, Jr. (Doc. 66). Upon consideration, the Motion is **DENIED**.

The Defendant's Motion is untimely. SDAL Criminal L.R. 12(a)(1) requires all motions made pursuant to Fed. R. Crim. P. 12(b)(3) to be filed within 14 days "after arraignment on an indictment" absent a Court order. A motion to sever is expressly included in Fed. R. Crim. P. 12(b)(3)(D). The Defendant was arraigned on the superseding indictment on November 2, 2022. (Doc. 41). The Order on arraignment of the Superseding Indictment did not set a pre-trial motion deadline. Thus, the deadline for the Defendant to file a motion to sever was November 17, 2022 (14 days after arraignment on the Superseding Indictment). The Defendant did not file the present Motion until February 2, 2023. (Doc. 66).

However, a defendant's failure to timely file a motion to sever can be excused by showing good cause. See Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause."). Here, the Defendant did not attempt to nor

show good cause. As noted in United States v. Bowers, 811 F.3d 412, 421 (11th Cir. 2016), "untimely motions are forfeited rather than waived. Sperrazza, 804 F.3d 1113 at 1121." Accordingly, the Motion to Sever is untimely and therefore forfeited. Bowers, 811 F.3d 412, 421 (11th Cir. 2016) ("Bowers moved to sever the indicted counts after the district court's pre-trial-motion deadline, but before his trial, and with no attempt to establish good cause for his delay. His motion was, therefore, untimely under…Rule 12(c)(3). Under Sperrazza 's interpretation of amended Rule 12(c)(3), untimely motions are forfeited rather than waived. Sperrazza, 804 F.3d 1113 at 1121...").

Moreover, the Court finds that the Motion to Sever is due to be denied on the merits because the Defendant has failed to sufficiently allege or establish prejudice. Instead, the Defendant has asserted conclusory allegations of prejudice. The Court has the discretion to "order separate trials of counts" if the joinder of offenses in an indictment "appears to prejudice a defendant." Fed. R. Crim. P. 8(A). In deciding a severance motion, the Court must "balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Zielie, 734 F.2d 1447, 1464 (11th Cir. 1984) (citations omitted). The "Defendant's conclusory allegations are not sufficient to show compelling prejudice against which the court [can] provide no protection." United States v. Bowers, 2013 WL 2708869, at *2 (M.D. Fla. June 11, 2013), aff'd, 811 F.3d 412 (11th Cir. 2016) (internal quotations omitted) (citing United States v. Brooks, 426 Fed. Appx. 878, 882–83 (11th Cir. 2011).

For the reasons set forth above, the Defendant's Motion to Sever (Doc. 66) is **DENIED**.

**DONE** and **ORDERED** this **3rd** day of **February 2023**.

                                         /s/ Kristi K. DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**