IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.   ) | **CRIM. NO. 1:21-00084-KD-B** |
| ) | |
| **LARRY DEWAYNE LAVERN** ) | |
| **AUSTIN, JR.,** ) | |
| ) | |
|     **Defendant** ) | |

# Order

This action is before the Court on the oral Motion for New Trial by Defendant Larry Dewayne Lavern Austin, Jr. (Doc. 87); the Government's Response (Doc. 89); and Defendant's Reply (Doc. 91). For the reasons set forth herein, the Motion is **DENIED**.

**I.      Relevant Background**

On October 28, 2022, Defendant Larry Dewayne Lavern Austin, Jr. was charged with two (2) counts of prohibited person in possession of a firearm (Felon) in violation of Title 18, United States Code, § 922(g)(1). (Doc. 38). Count One (1) stems from an event on or about July 14, 2020, and Count Two (2) stems from an event on or about June 21, 2022. Id. Defendant Austin elected to go to trial and trial commenced on February 6, 2023. On February 7, 2023, the Government played a bodycam video, in relation to Count One (1), which contained statements by an unavailable police officer. Immediately thereafter, the Court called a sidebar to discuss the issue and Defendant Austin moved for a mistrial on the ground that the video violated the Confrontation Clause. The mistrial motion was taken under submission and trial proceeded with Defendant's consent. On February 8, 2023, the jury rendered a guilty verdict on Count One (1) and not-guilty verdict on Count Two (2). At this procedural stage, Defendant Austin's motion for

mistrial was converted to a motion for a new trial as to Count One (1). The motion for new trial was taken under submission and the Court ordered the parties to brief the matter. The motion was heard on February 27, 2023.

## II.   Standard of Review

Rule 33(a) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." This "is a broad standard." United States v. Vicaria, 12 F.3d 195, 198 (11th Cir. 1994). "The decision to grant or deny the new trial motion is within [the] sound discretion of the trial court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of discretion." Id.

## III.   Analyses

"The Sixth Amendment's Confrontation Clause guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." United States v. Noda, 2022 WL 17258726, at *4–5 (11th Cir. Nov. 29, 2022) (citing Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986)) (quotations omitted). Generally, "this clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." Noda 2022 WL 17258726 at 4-5 (citing United States v. Yates, 438 F.3d 1307, 1312 (11th Cir. 2006)) (quotations omitted). Under the Confrontation Clause, a testimonial statement of a witness who does not testify at trial cannot be introduced for its truth unless: (1) the witness is unavailable; and (2) the defendant had a prior opportunity to examine the witness. Crawford v. Washington, 541 U.S. 36, 68 (2004). The protections under the Confrontation Clause apply if the statement is both: testimonial and made to establish the truth of the matter asserted. Id. at 59-60, 68, 124 S.Ct. 1354.

The Court finds that Defendant's Sixth Amendment right to confrontation was violated when the Government played bodycam video footage of an unavailable witness, Officer Awwad, that included a statement from Officer Awwad to Officer Long pertaining to the proximity of Defendant's wallet to the firearm at issue in Count One (1). In finding such, the Court first notes that Officer Awwad's statement was hearsay. See Fed. R. Evid. 801 (Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."). Officer Awwad's statement was not made while testifying at trial – he was not called as a witness and his statement was introduced via bodycam video. And, despite the Government's contention, Officer Awwad's statement was offered for the truth of the matter asserted – the truth being that Defendant's wallet was next to the red back pack containing the firearm. Clearly, to the Court, Officer Awwad's statement to Officer long was introduced as evidence in support of the Government's contention that Defendant's wallet was next to the back pack concealing the firearm to help prove Defendant's possession of the firearm. Moreover, the Defendant did not have an opportunity to cross-examine Officer Awwad.

Second, the Court finds that Officer Awwad's statement was also testimonial. See Crawford, 541 U.S. at 51 (A testimonial statement is a "solemn declaration or affirmation made for the purpose of establishing or proving some fact.") (internal quotations and citations omitted). While the body-cam is used for officers and public protection, once the officer begins to search a vehicle, the body cam is then used as an evidence-gathering tool for police and prosecutors. The officer's recording is similar to an officer creating a written record in a police report. Officer Awwad's statement was therefore made to Officer Long for the purpose of recording the fact that Defendant's wallet was next to the firearm. Thus, the statement is

3

testimonial. See Crawford, 541 U.S. at 52 ( Testimonial statements include "pretrial statements that declarants would reasonably expect to be used prosecutorially.") (internal quotations and citations omitted).

"The harmless error doctrine applies to violations of the Confrontation Clause." Noda at 2022 WL 17258726 at 4-5 (citing Van Arsdall, 475 U.S. at 684). The relevant inquiry is "whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). When determining whether a Confrontation Clause error is harmless, several factors are analyzed, including : (1) "the importance of the witness['s] testimony in the prosecution's case"; (2) "whether the testimony was cumulative"; (3) "the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points"; (4) "the extent of cross-examination otherwise permitted"; and (5) "the overall strength of the prosecution's case." Id. The Supreme Court clarified that to affect substantial rights, "an error must have 'substantial and injurious effect or influence in determining the … verdict.' "[1] United States v. Dominguez Benitez, 542 U.S. 74, 81, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). The burden is on the defendant to show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different[.]" Molina-Martinez v. United States, ⎯⎯ U.S. ⎯⎯, 136 S. Ct. 1338, 1343, 194 L.Ed.2d 444 (2016) (quoting Dominguez Benitez, 542 U.S. at 82, 124 S.Ct. 2333).

The Court finds the Confrontation Clause violation to be a harmless error. In sum, the bodycam video shows the location of Defendant's wallet in proximity to the red backpack

---

[1] See Fed. R. Crim. P. 52 ("**(a) Harmless Error.** Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

containing the firearm on multiple occasions.

Specifically, the bodycam video plainly shows that Defendant's wallet was located next to the red back pack containing the firearm. (Gov. Ex. 1).[2] At 17:18:36, the bodycam video shows Officer Awwad removing the red pack. Id. Ten second later, at 17:18:50, the bodycam video clearly shows Defendant's wallet with a white cord[3] resting on top. Id. Again, at 17:20:02, Defendant's wallet is in plain view. Id. At 17:22:53, the firearm at issue in Count One (1) was found in the red back pack by Officer Awwad. Id. A few minutes later, at 17:24:45, Officer Long returns to the car and is directed to detain Defendant. After detaining Defendant, Officer Long returned to the vehicle, and at 17:27:30 and 17:27:56, the bodycam video shows that Defendant's wallet remained unmoved – the white cord was still on top of the wallet. Id. At 17:28:21, the video shows Officer Long standing next to the door where Defendant was seated. Id. Defendant's wallet remained in place, with the cord on top, until Officer Awwad removed Defendant's identification from the wallet at 17:34:38-43. Id.

Additionally, Officer Long testified at trial about the location of Defendant's wallet. On cross examination, Officer Long stated, "there was [Defendant's] I.D. under [the red] back pack…" and that the bodycam video will show such. (Day 1 Transcript, pg. 50). Moreover, on re-direct, Officer Long testified that Defendant's wallet was found "under the [red] back pack." Id. at 61. And while it is not clear from the transcript whether Officer Long testified based on his actual knowledge or Awwad's statement, the Court finds that the body-cam standing alone

---

[2] The following time stamps are 1) based off the time stamp contained on the body cam video, and 2) an accurate approximation.

[3] There was a pair of white headphones next to Defendant's wallet. The headphones were wired. The base of the wired headphones was delicately resting on top of Defendant's wallet. Should the wallet have been notably moved, it appears the cord would have readily fallen off Defendant's wallet. Thus, the cord remaining on top of the wallet was a material consideration, in addition to other aspects of the bodycam video, in determining when Defendant's wallet was moved from its original location.

provides the basis for a harmless error determination.

### V.     Conclusion

For the reasons set forth herein, Defendant's Motion for a New Trial (Doc. 87) is **DENIED**.

Imposition of sentence is scheduled for **May 12, 2023, at 9:00 a.m**. in Courtroom 4B of the United States Courthouse, 155 St. Joseph St., Mobile, Alabama 36602. The presentence investigation report shall be completed by U. S. Probation and disclosed to the parties on or before **April 7, 2023**. The parties shall each file a "Position of (United States) (Defendant) with Respect to Sentencing Factors" in accordance with S. D. Ala. Criminal Local Rule 32(b)(4), on or before **April 28, 2023**.

In the event that the parties choose to file a Sentencing Memorandum, it shall be due seven (7) days prior to the date of sentencing.

Post-trial motions shall be filed in accordance with the Federal Rules of Criminal Procedure.

**DONE** and **ORDERED** this 3rd day of March 2023.

>  /s/ Kristi K. DuBose
>  KRISTI K. DuBOSE
>  UNITED STATES DISTRICT JUDGE